OPINION of the Court, by
Ch. .T. Boyie.
Handley having obtained a judgment in ejectment against Ybung, the latter, to injoin proceedings upon the judgment and to compel a conveyance of tlvc legal title, hied his bill in chancery, alleging that lie had a superior right in equity to the land, derived under a certificate for a settlement granted by the commissioners in 1798, to Robert Moses, with the following location, viz. “ Beginning at a red oak and sugar tree on the bank of the first spring on the bank of Little river, above his improvement on the north side; thence north 78° west to a military line in the name of Harrison ; thence along said line so as to include his improvement, and south on both sides of the river for quantity.”
' That the objects called for in this location are sufficiently established by the proof in the cause, we have no doubt. It is abundantly proven that Little river was well known by that name at and prior to the time of granting the certificate. The call for it was sufficient, therefore, to designate the part of the country where the *377 tiibre special objects of location were to be found ; and as Moses was an actual settler, his improvement must be presumed to have been notorious in its vicinity. So that in finding it, which was the primary and leading object of location, there could have been no difficulty ! and when at the improvement, the other objects called for could have been easily ascertained; for above and near to the improvement are a spring and trees corresponding in every respect with the description given in the certificate. Pursuing from thence the course called for, a line would be found, which was known in the neighborhood by the name of Harrison’s line. That it is not proven in fact to have been Harrison’s line, we do not deem material; for a call for an object by its reputed name is sufficient, as is clearly established by the repeated decisions of this court,
Td tn»Mean ant'mYm'pug” the confining foVhe for became TTaa afligid within 'he dence of the ori£'nal pf°pr¡found,
The fubft-raan“j to°?(Tue to^the it a ^‘f"trur^f lhe
is not alleged be the d““"t<.a"ona)"^0* depSfnions (hew lhe
With respect to the mode of sum eying, there is more difficulty. The act under which the certificate was granted requires the survey to be made « as nearly in a square as the interfering claims will admit.” But the survey in this case departs from a square figure, and the terms of the location require a departure. To justify this departure the complainant has proven, by parol testimony, the existence of lines of reputed mili-iary claims on the north and south of his improvement; and the question then occurs, whether such testimony is competent or not ? If it were necessary to prove them to be valid claims, the testimony, without doubt, would be incompetent: for to be valid, they must be of record ; and in that case, copies from the record would he the only admissible evidence of their existence. But we are of opinion that it was not incumbent upon the complainant to shew that these claims were valid, in order to justify a departure from a square figure. The law certainly does not in terms require them to be valid or of record; nor is there in the language of the law any thing that imports such an idea. Indeed, such a requisition, considering the great inconvenience with which the settlers would have had recourse to the records of the country, amounting in many instances to an entire impracticability, and their total incapacity to judge of the merits of claim,*, would have been extremely unreasonable, and evidently contrary to that spirit of liberality manifested by the legislature in their various enactments in favor of settlers. If then there *378 existed i» fact claims, though neither valid nor of re* cord, it was sufficient, both according to the letter and reason of the law, to justify a departure from a square ⅛ making the survey.
But it is objected in argument that the complainant’s right is not sustainable, because it appears that Moses, jo whom the certificate was granted, sold out and removed from the land before the expiration of a year from the date of the certificate, whereas the law required a residence by him or his representatives for one year thereafter on the pain of forfeiting his right. This objection, however, we think cannot prevail. 1st, Because there has been no inquest of office finding the forfeiture, without which the title could not regularly be divested out of the grantee and rein vested in the commonwealth. 2dly, Because by the subsequent acts of the legislature, authorising -grants to issue to the assignees of those to whom certificates were granted under the-act of 1798, without requiring any inquiry to be made with respect to the continued residence of the original grantees for the requisite ti me, or making such residence’ - a condition upon which the grants should issue, is a virtual waiver of the forfeiture; 3dly and lastly, because the removal of Moses before the expiration of the year after the certificate was granted, is not made a point in the pleadings in the case ; and we cannot judge-against the complainant upon evidence alone, without a corresponding allegation.
The decree of the court below must he affirmed with costs.